|  |  |  |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| LEON PHILLIPS,<br><br>   Petitioner,<br><br>*versus*<br><br>DIRECTOR, TDCJ-CID,<br><br>   Respondent. | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. 1:15-CV-382 <br> § <br> § <br> § <br> § |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

  Petitioner Leon Phillips, a prisoner confined at the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se,* filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  The court ordered that this matter be referred to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends denying the petition.

  The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

  The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes the objections are without merit.

  Petitioner challenges the state court's determination that there was sufficient evidence to support his conviction. Because a rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt, the state court's finding was not objectively unreasonable. *Jackson v. Virginia*, 443 U.S. 307, 320 (1979).

Petitioner contends that his attorney should have consulted with, and hired, an expert witness to testify at trial. The trial court found that petitioner did not meet the *Strickland* standard of proving counsel performed deficiently, and that the deficient performance prejudiced petitioner's defense. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The trial court's findings were a reasonable application of *Strickland*. *Harrington v. Richter*, 526 U.S. 86, 101 (2011). Therefore, petitioner is not entitled to relief on his claims of ineffective assistance of counsel.

Petitioner contends that he is actually innocent of the offense. The United States Supreme Court has not recognized a freestanding claim of actual innocence as a ground for federal habeas relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000). However, actual innocence, if proved, may excuse a procedural bar to federal habeas review of constitutional claims. *McQuiggin*, 569 U.S. at 386. To pass through the actual innocence gateway, the petitioner must show that, in light of new, reliable evidence, no jury would have found him guilty beyond a reasonable doubt. *Id*. In this case, petitioner is attempting to raise a freestanding claim of actual innocence, which is not a ground for federal habeas relief. Further, the claim lacks merit because petitioner did not present any newly-discovered evidence that would have resulted in his acquittal.

Additionally, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues

a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). Any doubt regarding whether to grant a certificate of appealability is resolved in favor of petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

**ORDER**

Accordingly, petitioner's objections (#28) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#26)

is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 4th day of March, 2019.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE